J. T. Chase, J.
This is a motion to set aside the return, on the fieri facias, issued in this case, and for a venditioni exponas ; and the question is, whether the act of assembly of It 16, c. 16. relating to the execution of a, fieri facias, is repealed by the federal government.
In the 8th sect, of 1st art. of the constitution of the United States, the powers of congress are defined, andx after enumerating particular subjects over which they *19 áre to exercise exclusive legislation, a power is given to make all laws necessary for executing the powers vested by the constitution, in the government of the United States, or in any department or officer thereof.
By the 9th sect, congress is prohibited from doing certain acts 5 from passing bills of attainder, or ex post facto laws, fkc.
By the 10th sect, the states are prohibited from doing certain acts j the words are in the future tense. The word shall runs through the whole clause. According to the natural and plain import of the words, they are evidently a restriction on the power of the states to do the acts enumerated.
Attention to a few well established principles will elucidate this question, and lead to a right decision.
Congress has no power but what is expressly delegated to them by the new government. The states retain all power not delegated, and from the exercise of which they are not restrained by the new government
In expounding the federal constitution, the same rules will be observed which are attended to in the exposition of a statute. If words are plain and without ambiguity, the court will give a construction correspondent to their plain import and signification. If the words are ambigu.ousj the court will expound them according to the intention of the makers, to be collected from the whole instrument, and inconveniences resulting from the one construction or the other will be regarded.
In this case the words are, “ no state shall make any thing but gold and silver coin a tender in payment of debts.” The meaning of these words, considered abstractedly, is very obvious, and nothing more than a restriction of the power of the state legislature to make such laws.
The Court determined, that the constitution of the United States did not repeal the act of 1716, c. 16. as to antecedent debts.
The motion did not prevail.